IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION


DANIEL KELLEY,                                                                      PLAINTIFF

v.                                                        CIVIL ACTION NO.: 3:14cv51-NBB-DAS

YALOBUSHA COUNTY MS SHERIFF'S DEPT.,
LLOYD DEFER, STEVE STORY, and
JIM PHILLIPS,                                                                       DEFENDANTS


**OPINION AND ORDER**

This matter comes before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Daniel Kelley, a Mississippi inmate housed at the East Mississippi Correctional Facility, filed an action pursuant to 42 U.S.C. § 1983 against the following Defendants: the Sheriff's Department of Yalobusha County, Mississippi; Sheriff Lloyd Defer; Deputy Steve Story; and Deputy Jim Phillips. Having fully considered Plaintiff's allegations and the applicable law, the Court finds that the instant complaint should be dismissed for the following reasons.

**Screening Standards**

Because Plaintiff has been permitted to proceed *in forma pauperis* in this action, his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 § U.S.C. 1915(e)(2); *see also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status). Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss it if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2). A claim is frivolous if it "lacks an

1

arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that could be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (holding that complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

### Plaintiff's Allegations

Plaintiff alleges that he was incarcerated in the St. Landry Parish Jail in Louisiana on November 17, 2000, when Lloyd Defer, the sheriff of Yalobusha County, Mississippi, filed a detainer against Plaintiff for a charge of statutory rape. According to Plaintiff, he was eventually indicted on the charge on March 13, 2002. He maintains that on May 12, 2002, Yalobusha County deputies Steve Story and Jim Phillips arrived at the St. Landry Parish Jail and placed him under arrest for statutory rape. Plaintiff reports that he protested at that time that he had not had an extradition hearing and that no warrant had been issued, but that he was nonetheless forced to return to Mississippi with the deputies. Plaintiff alleges that at one point on their way back to Mississippi, deputies Phillips and Story stopped the vehicle and pulled Plaintiff from it before physically assaulting him with punches and kicks to his head, face, chest, and stomach.

Plaintiff alleges that these facts establish a violation of his rights to due process and to be free from cruel and unusual punishment. He requests that the Court award him monetary damages and issue declaratory relief.

## Discussion

The Court finds that the statute of limitations has expired on Plaintiff's claims. In a § 1983 action, courts apply a state's statute of limitations for personal injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Mississippi, the applicable statute of limitations is three years. *See* Miss. Code Ann. § 15-1-49; *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990). While state law establishes the length of the limitations period, federal law governs when the limitations period accrues. *Wallace*, 549 U.S. at 388. "Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Pitrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal citations and quotations omitted).

The events alleged in the instant complaint occurred between November 2000 and May 2002. Plaintiff knew of the alleged constitutional violations at the time they occurred but waited until 2014 to bring the instant § 1983 suit. Accordingly, Plaintiff's claims are barred by Mississippi's three-year statute of limitations, and his complaint against Defendants will be dismissed with prejudice as frivolous. *See Gonzales v. Wyatt*, 157 F.3d 1016 ,1019-20 (5th Cir. 1998) (holding that claims that are clearly time-barred are properly dismissed under § 1915).

## Conclusion

Plaintiff's claims are time-barred, and this action is **DISMISSED WITH PREJUDICE** as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). Plaintiff is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is under imminent

danger of serious physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion and order will be entered today.

**SO ORDERED** this, the 17th day of April, 2014.

/s/ Neal Biggers
**NEAL B. BIGGERS, JR.**
**UNITED STATES DISTRICT JUDGE**